# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-1830V

| | |
|---|---|
| MARLA KAY SOMMERFIELD,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: August 19, 2025 |

*John Andrew Hamer*, Hamer Law Office, Faribault, MN, for Petitioner.

*Madylan Louise Yarc*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On December 15, 2022, Marla Sommerfield filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine administered to her on December 1, 2020. Petition, ECF No. 1. On February 20, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 36.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $28,950.70 (representing $26,957.60 in fees plus $1,993.10 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 3, 2025. ECF No. 38. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. *Id.* at 1.

Respondent reacted to the motion on March 11, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 39. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs to successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The Petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

    a.  *Hourly Rates*

Petitioner requests that I apply the hourly rate of $456.00 for work performed by her attorney, John A. Hamer, in the 2021-25 timeframe, and the hourly rate of $184.00 for paralegal work performed in the same period. These rates require further evaluation and adjustment.

Given his 2008 Minnesota bar date, Mr. Hamer had approximately thirteen years of experience as of 2021, placing him in the OSM Fee Schedules range of attorneys with 11-19 years of experience[3]. As such, his proposed rate of $456.00 is $12.00 greater than the maximum amount allowed for his experience level in 2021. Instead, I find the hourly rate of $400.00 to be more appropriate for work performed by Mr. Hamer in 2021. Similarly, the proposed paralegal rate of $184.00 exceeds the applicable ranges for years 2021-22. Instead, I hereby award the hourly rate of $172.00 for paralegal work performed in the 2021-22 timeframe. **Application of the foregoing reduces the amount of fees to be awarded herein by $<u>920.80</u>.**[4]

For work performed in years 2022-25, however, Mr. Hamer's proposed rate of $456.00 is reasonable and within the applicable Fee Schedule ranges, and shall be awarded. For paralegal work performed in the 2023-25 timeframe, the proposed rate of $184.00 shall be awarded.

    b.  *Block Billing and Administrative Tasks*

Review of the billing records reveals that several hours have been billed by Mr. Hamer and his supporting paralegal on tasks considered clerical and administrative in nature, which have been block-billed with other tasks[5]. For example, organizing exhibits,

---

[3] The Vaccine Program's Attorney's Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claim's website: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

[4] This amount consists of reducing attorney Hamer's 2021 hourly rate and the paralegal rate for years 2021-22 and is calculated as follows: ($456.00 - $400.00 = $56.00 x 11.90 hours billed by Mr. Hamer in 2021) + ($184.00 - $172.00 = $12.00 x 21.20 hours billed) = $920.80.

[5] Some examples of such billing practices include but are not limited to the following: 5/21/21: "Rcv and Rvw initial medical records and Vaccine Court Rules." 10/5/21: "Download PT and injection notes from portal to server, review, request additional info via text to Marla, texting with Marla about updates and

labeling and scanning exhibits, receiving medical records and downloading documents from servers are all tasks considered administrative in nature, and should not be billed at any rate in the Program. Billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-0010V, 2016 WL 720969, *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).

Furthermore, it is well established that block-billing, or billing large amounts of time without sufficient detail as to how much time was dedicated to each individual task, is clearly disfavored in the Program. See *Broekelschen v. Sec'y of Health & Hum. Servs.*, 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). As the Vaccine Program's Guidelines for Practice state, "[e]ach task should have its own line entry indicating the amount of time spent on that task." [6] Ultimately, several tasks lumped together with one-time entry frustrates the court's ability to assess the reasonableness of the request.

In determining the amount of reasonable hours, a special master has discretion to exclude hours expended that are "'excessive, redundant, or otherwise unnecessary'" based on his or her experience or judgment." *Hocraffer v. Health & Hum. Servs.*, No. 99-533V, 2011 WL 6292218, at *3 (Fed. Cl. Nov. 22, 2011).  In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). And special masters may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

Instead, in appropriate circumstances special masters may make reasonable, across-the-board percentage adjustments. Here, such an overall percentage cut is

---

current treatment." 5/21/22:"Draft medical Summary, fill in petition with updated medicals, review with John, organize exhibits for petition." 5/22/22: " Work on medical record summary, update exhibit list and petition. Scan in all exhibits and re-label." *See* ECF No. 38-2.

[6] The Guidelines for Practice can be found at the link below.  Please refer to page 76:
https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

4

preferrable to a time-consuming line-by-line review of the bill, and will strike a fair balance between awarding reasonable amounts for work performed in this case while avoiding over-compensation of counsel for work not properly billed. Accordingly, I hereby reduce the total fees to be awarded herein by *five percent* as a fair adjustment to account for the administrative entries and block-billing issues mentioned. Application of the foregoing reduces the total amount of fees to be awarded by **$1,347.88**. [7]

## ATTORNEY COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 38-1 at 1-9. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $26,682.02 (representing $24,688.92 in fees plus $1,993.10 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

                                                           **s/Brian H. Corcoran**
                                                           Brian H. Corcoran
                                                           Chief Special Master

---

[7] This amount is calculated as follows: $26,957.60 x 0.05 = $1,347.88.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.